IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.  No. 4:18-cr-163 JM

ALEXANDER JOSEPH JORDAN

ORDER

Pending is Defendant's motion to dismiss the indictment (Doc. No. 36). The government has responded, and the motion is ripe for consideration.

Defendant has been charged with the knowing possession of an unregistered select agent in violation of 18 U.S.C. §175b(c) and 42 CFR 73.3. According to the criminal complaint (Doc. No. 1), on February 22, 2018, Defendant placed a 911 call from his home in Little Rock complaining of chest pains and suicidal thoughts. He was transported to the University of Arkansas for Medical Sciences where he stated that he had ingested ricin. Subsequently Defendant's home was searched and ricin was found; Defendant said he found directions on the internet for how to make ricin at home and did so.

At the time of Defendant's indictment on March 6, 2018, § 175b(c) prohibited "knowingly possess[ing] a biological agent or toxin where such agent or toxin is a select agent for which such person has not obtained a registration required by regulations under section 351A(c) of the Public Health Service Act ...." Section 175b(d) defined "select agent" as "a biological agent or toxin to which subsection (a) applies ...." *Id*. Section 175b(a) criminalized shipping, transporting, and possessing biological agents and toxins that are listed as a "non-overlap" or "overlap" select biological agents and toxins listed in sections 73.4 and 73.5 of Title

42 of the Code of Federal Regulations. *Id.* Ricin is not been listed as a biological agent in § 73.4, and § 73.5 does not list any biological agents or toxins.

On July 25, 2019, § 175b(a) was amended "to correct a scrivener's error."[1] The amendment replaced the reference to agents listed in sections 73.4 and 73.5, which did not include ricin, to more broadly include select biological agents or toxins under all of part 73 of Title 42 of the C.F.R. Ricin is listed as a select agent and toxin under 42 C.F.R. § 73.3(b).

Defendant asks the Court to dismiss his indictment because at the time of his indictment, ricin was not listed in the cross-references to the Code of Federal Regulations as a select agent pursuant to the statute under which he had been charged, 18 U.S.C. § 175b(c). The government argues that the congressional intent was always to criminalize the unregistered possession of ricin and the fact that the statute omitted the C.F.R. listing was a scrivener's error. The parties have well and thoroughly briefed the legislative history of §175b as well as the history of the regulations promulgated by the Department of Health and Human Service (HHS) and codified in the Code of Federal Regulations.

Under the rules of statutory construction, "[i]f the language of a statute is unambiguous, the statute should be enforced as written unless there is clear legislative intent to the contrary." *United States v. White Plume*, 447 F.3d 1067, 1072 (8th Cir. 2006) (citing *United States v. Milk*, 281 F.3d 762, 766 (8th Cir.2002)). With the amendment in 2019, Congress made clear *at that time* that it intended to criminalize the knowing possession of unregistered ricin. However, from 2004 when Congress last amended § 175b until July 25, 2019, a plain reading of the statute was to the contrary—ricin was not a select agent under the statute. There is no ambiguity. The government should not be allowed to prosecute the Defendant for conduct that was not made

---

[1] PL 116-31, July 25, 2019, 133 Stat 1034

illegal until after he committed the challenged acts. Congress had fifteen years to amend the statute. The fact that it has now chosen to add ricin as a select agent pursuant to §175b does not evidence a clear intent that it had intended to do so prior to that time.

The government cites numerous cases in support of its argument that the Court should impose penalties in spite of "the presence of a typographical error." (Doc. No. 39, pp. 7-9) Of those cases that are criminal actions, the Court does not find them persuasive on the facts before the Court. In the 1890 Supreme Court case of *United States v. Lacher*, 134 U.S. 624 (1890), the Court read a semi-colon in the place of a comma and stated that "[f]or the purpose of arriving at the true meaning of a statute, courts read with such stops as are manifestly required. *Id.* at 624. The one Eighth Circuit case cited, *United States v. Warren*, 149 F.3d 825 (8th Cir. 1998), involved a typographical error in a statute setting the minimum sentence for a manufacturing methamphetamine. While it affirmed the defendant's sentence, the Court stated: "The statute in question clearly proscribes Warren's conduct. It accorded him fair warning that he faced the sanction of incarceration for at least ten years for manufacturing more than 100 grams of a mixture containing methamphetamine." *Id*. at 828.

The Court is persuaded by the reasoning in *United States v. Gibbs*, 2:17-cr-00005-RWS-JCF (N.D. GA) (Doc. No. 71), which was provided by the government as an exhibit to its response and which will be attached to this order for the convenience of review. (Doc. No. 39-1) This case was cited by Congress as the reason for the 2019 amendment. *See* 165 Cong. Rec. H5331-01, 165 Cong. Rec. H5331-01, H5332. In the legislative history, Congress acknowledged that ricin had been unintentionally left out of the list of biological toxins and agents intended to be covered by §175b due to the reformatting of some sections of the Code of Federal Regulations by HHS. This merely emphasizes Judge Story's conclusion in *Gibbs*: "[t]he Court takes very

3

seriously the principle that citizens ought to have fair and clear warning of the conduct for which they can be held criminally responsible. It falls to Congress to write criminal laws, or to amend them if they yield unfair or unwanted results. The role of the courts, on the other hand, is limited to fairly reading and applying the laws Congress writes; not to change them."

## Conclusion

The motion to dismiss the indictment is GRANTED (Doc. No. 36).

The clerk is directed to attach the Order of the District Court for the Northern District of Georgia, found at Doc. No. 39-1 in this docket, to this order.

IT IS SO ORDERED this 30th day of March, 2020.

James M. Moody Jr
United States District Judge